UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ORANGE COUNTY IBEW-NECA LABOR MANAGEMENT COOPERATION COMMITTEE, et al., | Case No. 14-CV-04225-LHK |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION TO TRANSFER VENUE** |
| v. | Re: Dkt. No. 25 |
| PRO TECH ENGINEERING CORPORATION, | |
| Defendant. | |

Plaintiffs Orange County International Brotherhood of Electrical Workers ("IBEW")—National Electrical Contractors' Association ("NECA") Labor Management Cooperation Committee; NECA—IBEW Family Medical Care Plan; Orange County IBEW—NECA Electrical Workers Defined Contribution Plan; Orange County Electrical Joint Apprenticeship and Training Trust Fund; Electrical Industry Administrative Maintenance Fund; and National Electrical Benefit Fund (collectively, "Trust Funds"); and Douglas Chappell, as Trustee of the Trust Funds (collectively, "Plaintiffs") bring this action against Defendant Pro Tech Engineering Corp. ("Defendant") for allegedly violating the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by failing to make timely fringe benefit contributions to the

1
Case No. 14-CV-04225-LHK
ORDER DENYING MOTION TO TRANSFER VENUE

1  Trust Funds. *See* ECF No. 1, ¶¶ 9-11 ("Compl."). Before the Court is Defendant's Motion to

2  Transfer Venue from the Northern District of California to the Central District of California. ECF

3  No. 25 ("Mot. to Transfer"). The Court finds this matter appropriate for determination without

4  oral argument and VACATES the hearing set for September 24, 2015. *See* Civil L.R. 7−1(b).

5  The Case Management Conference set for September 24, 2015 at 1:30 p.m. remains as scheduled.

6  Having reviewed the parties' submissions and the relevant law, the Court DENIES Defendant's

7  Motion to Transfer Venue.

## I. BACKGROUND

### A. Factual Background

The Trust Funds include multi-employer benefit plans pursuant to ERISA, 29 U.S.C. § 1002(3), (37) and 29 U.S.C. § 1132(d)(1) and jointly trusteed employee benefit trusts pursuant to the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). Compl. ¶¶ 3-5. Plaintiff Orange County IBEW—NECA Labor Management Cooperation Committee is the authorized collection agent for the Trust Funds for required employee benefit contributions made on behalf of IBEW Local 441. Compl. ¶ 6.

Defendant is a California corporation with its principal place of business in Anaheim, California.[1] Compl. ¶ 8; Mot. to Transfer, Ex. B, ¶ 3. Plaintiffs allege that Defendant agreed to be bound to the terms and conditions of the collective bargaining agreement, labeled the "Inside Wireman's Agreement," between NECA, Orange County Chapter and IBEW Local 441. Compl. ¶ 9. The Inside Wireman's Agreement allegedly requires Defendant to make monthly contributions to the Trust Funds for fringe benefits for covered employees. *Id.*

Plaintiffs conducted an audit of Defendant's books and records for the time period of April 1, 2012 through March 31, 2013. *Id.* ¶ 11. The audit was performed by Smith, Linden & Basso LLP, a firm located in Newport Beach, California, and was carried out at Defendant's principal

---

[1] The Court takes judicial notice that the City of Anaheim, Calfornia, the City of Newport Beach, California, and the City of Orange, California all are exclusively located in Orange County, California. *See* Request for Judicial Notice, ECF No. 25, Ex. A. Orange County, California is within the territorial jurisdiction of the Central District of California. 28 U.S.C. § 84(c)(3).

1   place of business in Anaheim, California.  Mot. to Transfer, Ex. B, ¶ 8.  The audit showed that

2   Defendant owed a total of $32,960.99 in principal, interest, liquidated damages, and audit fees.

3   *Id.*; Compl. ¶ 11.  Defendant was instructed to send payment to the Orange County Electrical

4   Workers Trust Funds in Orange, California.  Mot. to Transfer, Ex. B, ¶ 8.

### B. Procedural History

Plaintiffs filed this lawsuit on September 18, 2014 in the Northern District of California to collect the $32,960.99 allegedly owed to Plaintiffs.  *See* Compl.  Plaintiffs attempted to serve Defendant in October 2014 and in November 2014.  *See* ECF No. 20.  Plaintiffs believed that Defendant was served with process in either October or November 2014, but Defendant maintained that it had not been served with process in 2014.  *Id.*  When Defendant did not timely file an answer, Plaintiffs moved for and obtained entry of default as to Defendant.  *See* ECF Nos. 11, 13, 15.  Plaintiffs then moved for entry of default judgment.  *See* ECF No. 16.  The parties subsequently met and conferred, and on June 19, 2015, the parties filed a stipulation to set aside the entry of default.  *See* ECF No. 20.  The Court granted the stipulation to set aside the entry of default and denied Plaintiffs' motion for entry of default judgment as moot.  *See* ECF No. 21. Defendant filed an answer to Plaintiffs' complaint on July 9, 2015.  *See* ECF No. 22.

On July 9, 2015, Defendant filed the instant Motion to Transfer.  ECF No. 25.  Plaintiffs filed an opposition on July 22, 2015.  ECF No. 26.  Defendant filed a reply on July 30, 2015.  ECF No. 27.

## II. LEGAL STANDARD

Federal venue is governed by statute.  *See Bohara v. Backus Hospital Med. Benefit Plan*, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 181 (1979)).  ERISA's venue provisions permit a plaintiff to bring a federal action where: "(1) a plan is administered, or (2) a breach took place, or (3) a defendant resides or (4) a defendant may be found."  *Varsic v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979) (citing 29 U.S.C. § 1132(e)(2)).  Through these provisions, "Congress intended to give ERISA plaintiffs an expansive range of venue locations."  *Bohara*, 390 F. Supp. 2d at 960 (citing *Varsic*,

3

Case No. 14-CV-04225-LHK
ORDER DENYING MOTION TO TRANSFER VENUE

607 F.2d at 248).

A motion to transfer venue from one district to another is governed by 28 U.S.C. § 1404(a). Section 1404(a) provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Id.* (quoting *Cont'l Grain Co. v. The F.B.L.-585*, 364 U.S. 19, 27 (1960)).

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (citations omitted)). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

Pursuant to Section 1404(a), a Court should consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. 28 U.S.C. § 1404(a). As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), additional factors that a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs

4
Case No. 14-CV-04225-LHK
ORDER DENYING MOTION TO TRANSFER VENUE

of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct.10, 2008) (citing *Stewart Org., Inc.*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988)).

### III. DISCUSSION

Transfer under Section 1404(a) is only appropriate if the action could have been brought in the transferee venue. *See* 28 U.S.C. § 1404(a). Here, the Defendant is based in Orange County, which is in the Central District of California. Therefore, this action could have been brought in the Central District of California. *See* 29 U.S.C. § 1132(e)(2) (stating that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."). Accordingly, the Court must consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any relevant *Jones* factors in order to assess whether transfer is appropriate.

#### A. Plaintiffs' Choice of Forum

Plaintiffs oppose Defendant's Motion to Transfer on the grounds that the Court should respect Plaintiffs' choice of venue under ERISA's liberal venue rules. ERISA is meant "to provide . . . participants and beneficiaries with broad remedies for redressing or preventing violations of the Act." H.R. Rep. No. 93-533, 93rd Cong., 1st Sess. 17 (1973), Reprinted in (1974) U.S. Code Cong. & Ad. News, pp. 4639, 4655; *see also Varsic*, 607 F.2d at 247. Consistent with this purpose, ERISA has a liberal venue rule that gives Plaintiffs significant discretion to select a forum. *See Varsic*, 607 F.2d at 248 (holding that Congress "clearly struck the balance in favor of liberal venue"). Generally, "a plaintiff's choice of forum is accorded great deference in ERISA cases." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *opinion amended on denial of reh'g*, 128 F.3d 1305 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999). However, a plaintiff's choice of forum in an ERISA case may be

5

Case No. 14-CV-04225-LHK
ORDER DENYING MOTION TO TRANSFER VENUE

given less deference in some circumstances.  *See, e.g.*, *M.K. v. Visa Cigna Network POS Plan*, No. 12-CV-4652-LHK, 2013 WL 2146609, at *4 (N.D. Cal. May 15, 2013) (affording minimal deference to the plaintiff's choice of forum because of "the lack of any significant connection between this district and Plaintiff's asserted claims").  "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [a plaintiff's] choice [of forum] is entitled to only minimal consideration."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Plaintiffs contend that their choice of forum is proper because three of the Plaintiffs are plans administered in Santa Clara County, which is within the Northern District of California, and ERISA provides that venue is proper where the plans at issue are administered.  *See* Compl. ¶ 2; 29 U.S.C. § 1132(e)(2).  Plaintiffs oppose Defendant's Motion to Transfer on the grounds that, because this is an ERISA case, and Plaintiffs have selected a permissible venue, Plaintiffs' choice of venue should be accorded substantial deference.  ECF No. 26 at 1-3.  Plaintiffs additionally argue that their choice of venue should not be disturbed "unless the balance of convenience is strongly in favor of [Defendant]."  *Id.* (quoting *Int'l Painters v. Tri-State Interiors, Inc.*, 357 F. Supp. 2d 54, 55-56 (D.D.C. 2004)).

Defendant contends that Plaintiffs' choice of venue should not be accorded substantial deference, notwithstanding ERISA's liberal venue provisions, because the operative facts underlying the lawsuit did not occur in the Northern District of California.  *See* Mot. to Transfer. Defendant argues that it is located solely in the Central District of California, that the alleged breach occurred in the Central District of California, and that none of the Plaintiffs have alleged that they are based in the Northern District of California.  *See* Mot. to Transfer; *see also* ECF No. 27.  According to Defendant, "the *only* connection to the Northern District is that *one* Plaintiff Trust Fund is purportedly administered by a *third party* in Santa Clara County."  ECF No. 27 at 3.

Defendant understates the connection to Santa Clara County in this case.  Other courts have held that the location of a plan's administrator is a sufficient connection to a forum to support affording substantial deference to a plaintiff's choice of forum in an ERISA case.  *See Int'l*

6
Case No. 14-CV-04225-LHK
ORDER DENYING MOTION TO TRANSFER VENUE

*Painters*, 357 F. Supp. 2d at 56 n.3 (citing *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 193-94 (D.D.C. 2004)). In this case, the Complaint alleges that not one, but three of the Plaintiffs are plans administered in Santa Clara County. Compl. ¶ 2. Specifically, the Complaint says that Orange County IBEW—NECA Electrical Workers Defined Contribution Plan; Orange County IBEW—NECA Labor Management Cooperation Committee; and Orange County Electrical Joint Apprenticeship and Training Trust Fund are administered in Santa Clara County. *Id.* There are only six plans listed as Plaintiffs, so fully half of the Plaintiffs are administered in Santa Clara County. Additionally, Plaintiffs submitted a declaration by an employee of the Santa Clara administrator of one of the Trust Funds describing the administrator's involvement in reconciling payments to the Trust Funds and working with the auditing firm. *See* ECF No. 26, Ex. A. The activity of reconciling the payments made by Defendant to the Trust Funds is central to the dispute in this lawsuit, and according to Plaintiffs, that activity occurred at least in part in Santa Clara County. *See id.*; *see also* ECF No. 26; Compl.

Because three of the plans involved in this case are administered in Santa Clara County and because some of the operative facts in the lawsuit occurred in the Northern District of California, Plaintiffs' choice of venue is not subject to the minimal deference of *Belzberg*, 834 F.2d at 739, but instead receives the substantial deference generally owed to ERISA plaintiffs. *See Jacobson*, 105 F.3d at 1302; *Int'l Painters*, 357 F. Supp. 2d at 55-56. Therefore, the Court concludes that the lawsuit is sufficiently related to the Northern District of California to afford substantial deference to Plaintiffs' choice of forum under ERISA's liberal venue rules. *See Jacobson*, 105 F.3d at 1302; *Varsic*, 607 F.2d at 248. The Court will defer to Plaintiffs' choice of forum "unless the balance of convenience is strongly in favor of [Defendant]." *See Int'l Painters*, 357 F. Supp. 2d at 55.

### B. Convenience of the Parties

"The convenience of the parties is . . . an important factor in determining whether to allow a transfer of venue." *Jarvis v. Marietta Corp.*, No C 98-4951 MJJ, 1999 WL 638231, at *4 (N.D. Cal. Aug. 12, 1999); *see* 28 U.S.C. § 1404(a). However, "[i]t is not appropriate to transfer a case

7

Case No. 14-CV-04225-LHK
ORDER DENYING MOTION TO TRANSFER VENUE

on convenience grounds when the effect would be simply to shift the inconvenience from one party to another, especially when the plaintiff's choice of forum has been made in good faith rather than as a matter of forum shopping." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 994 (N.D. Cal. 2011).

In this case, Defendant argues that the Central District of California would be a more convenient venue for Defendant and would not be an inconvenient venue for Plaintiffs. *See* Mot. to Transfer. Defendant asserts that Defendant's principal place of business as well as all of Defendant's employees and officers are located in the Central District of California. *Id.* Accordingly, Defendant argues that defending this action in the Northern District of California would pose an undue burden on Defendant. *Id.* Additionally, Defendant argues that because the Trust Funds are affiliated with the Orange County Chapter of the IBEW, Local 441, Plaintiffs would not be inconvenienced by a transfer to the Central District of California. *Id.*

On the other hand, Plaintiffs argue that they would be inconvenienced by a transfer to the Central District of California. *See* ECF No. 26. Plaintiffs base their preference for the Northern District of California on the facts that the administrator for the Orange County IBEW—NECA Electrical Workers Defined Contribution Plan ("the DC Plan") is based in the Northern District of California, and that the trustees for the DC Plan likewise prefer to have the case heard in the Northern District of California. *Id.* Among the Trust Funds in this case, the DC Plan allegedly was owed the second largest contribution from Defendant. *Id.* Ex. A, ¶¶ 5-7. The plan that allegedly was owed the largest contribution from Defendant is administered in Georgia, not in California. *See id.* Thus, a transfer to the Central District of California would decrease the convenience to the DC Plan Plaintiff without increasing the convenience to the Plaintiff who is owed the largest contribution. Additionally, the Complaint states that two other Plaintiffs in addition to the DC Plan are administered in Santa Clara County, thus contributing to the convenience to Plaintiffs of litigating in the Northern District of California. Therefore, transferring this case to the Central District of California would result in inconvenience to Plaintiffs.

Because a transfer of venue would merely shift the inconvenience of litigation from Defendant to Plaintiffs, the convenience of the parties does not weigh in favor of a transfer. *See Barnes & Noble, Inc.*, 823 F. Supp. 2d at 994.

### C. Convenience of the Witnesses

Another factor which a court must consider in determining whether to grant a motion to transfer is the convenience of non-party witnesses. *See* 28 U.S.C. § 1404(a). Defendant states that it anticipates deposing and calling as witnesses at trial representatives of the auditing firm Smith, Linden & Basso LLP, signatories to documents entered between the parties, officers of the Trust Funds, and certain of Defendant's employees. *See* Mot. to Transfer. Defendant asserts that all of these individuals are located in Orange County and would be inconvenienced by the need to travel to the Northern District of California to testify. *Id.* Plaintiffs dispute whether Defendant's proposed witnesses will be necessary. ECF No. 26. Plaintiffs contend that "the bulk of the evidence in this case is comprised of documents" and that "[m]ost of these documents are already on the record, submitted in support of Plaintiffs' Motion for Default Judgment." *Id.* at 5. Although Plaintiffs ultimately may prove correct, should Defendant need to call any witnesses, those witnesses are located in the Central District of California. Because at this stage of the litigation it is unknown whether any witnesses will be necessary, the factor of convenience to the witnesses weighs somewhat in favor of a transfer. *See, e.g.*, *Frias v. Aetna Life Ins. Co.*, No. 14-cv-3146-THE, 2014 WL 5364105, at *4 (N.D. Cal. Oct. 21, 2014) (holding that the convenience of witnesses located in another district weighed "in favor of transfer because of the potential for additional discovery"); *Nozolino v Hartford Life & Acc. Ins. Co.*, No. 12-cv-4314-JST, 2013 WL 2468350, at *3 (N.D. Cal. June 7, 2013) (holding that convenience of the witnesses weighed in favor of transfer because "[i]f any witnesses need to be called, such witnesses will likely reside in the Central District").

### D. Access to Evidence

Another factor the Court may consider in the Ninth Circuit is ease of access to sources of proof. *Jones*, 211 F.3d at 498-99. Defendant argues that all relevant documents are based in

9

Orange County, where Defendant maintains its principal place of business, where the audit was performed, and where the audit firm is located. *See* Mot. to Transfer. However, this factor is neutral, because "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden." *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, No. 14-cv-5596-JST, 2015 WL 1738269, at *4 (N.D. Cal. April 9, 2015).

### E. Interest of Justice

Finally, the Court considers whether the interest of justice favors a transfer of venue. *See* 28 U.S.C. § 1404(a). In evaluating the interest of justice, a court may consider public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)), *superseded by statute on other grounds*, 28 U.S.C. § 1391. Both parties concede that these factors are neutral. *See* Mot. to Transfer; ECF No. 26.

Here, Plaintiffs argue that the public interest weighs against a transfer because a transfer would undermine ERISA's liberal venue provision. ECF No. 26 at 6-7. Plaintiffs in ERISA actions may concentrate their litigation regarding the same trust funds in the same district. *See Int'l Painters*, 357 F. Supp. 2d at 58 (holding that the interest of justice favors plaintiff's choice of venue because concentrating a trust fund's litigation in one district is "vital to the efficient administration of such funds"). Plaintiffs have already litigated multiple lawsuits regarding the Trust Funds in the Northern District of California. *See, e.g.*, *Orange County Elec. Indus. Health & Welfare Trust Fund v. Moore Elec. Contr., Inc.*, No. 11-CV-0942-LHK, 2012 WL 4120348 (N.D. Cal. Sept. 18, 2012); *Orange County Electrical Indus. Health & Welfare Trust Fund v. FTR Int'l, Inc.*, No. 12-CV-2448-EJD, 2012 WL 4180484 (N.D. Cal. Sept. 18, 2012). Plaintiffs argue that the interest of justice is served by permitting Plaintiffs to continue litigating their disputes regarding the Trust Funds in the Northern District of California.

Additionally, "subjecting pension funds to uniform interpretation of the complex ERISA laws is vital to the efficient administration of such funds," and this goal of uniform interpretation

is aided by deferring to Plaintiffs' choice of forum.  *See Int'l Painters*, 357 F. Supp. 2d at 58.  However, the preference for uniform interpretation is primarily to avoid a situation where "the funds may be financially unable to enforce their legal rights in foreign districts."  *Id.*  The interest of justice does not weigh as strongly in Plaintiffs' favor when there is less concern that Plaintiffs would be unable financially to pursue the litigation in another district.  *See Cent. States, Se. & Sw. Areas Pension Fund v. Brown*, 587 F. Supp. 1067, 1071 (N.D. Ill. 1984) (holding that the interest of justice would not be served by requiring a small company to defend itself against a large pension fund in a district 300 miles from the company).

Defendant contends that, in the instant case, Plaintiffs' available funds far exceed Defendant's resources.  ECF No. 27 at 7.  Accordingly, Defendant argues that the interest of justice would be served by a transfer of venue because Defendant, as "a small family owned construction company," has less bargaining power and fewer financial resources than Plaintiffs.  *Id.*  The Court finds that because there is less concern that Plaintiffs would be unable to financially pursue the instant litigation in another district, the interest of justice in permitting Plaintiffs to consolidate their litigation in the Northern District of California is not entitled to substantial weight.  Nevertheless, because Plaintiffs have chosen to concentrate their litigation efforts in the Northern District of California and have already litigated multiple cases in this district, the interest of justice does weigh somewhat against a transfer.

### F. Summary of Factors

Plaintiffs' choice of forum is entitled to substantial deference under ERISA's liberal venue rule.  *See Jacobson*, 105 F.3d at 1302 ("[A] plaintiff's choice of forum is accorded great deference in ERISA cases").  The Court defers to Plaintiffs' choice of forum "unless the balance of convenience is strongly in favor of [Defendant]."  *See Int'l Painters*, 357 F. Supp. 2d at 55-56.  In the instant case, the convenience of the parties does not weigh in favor of a transfer.  However, the convenience of witnesses weighs somewhat in favor of a transfer, and the access to evidence factor is neutral.  Thus, the balance of convenience is not strongly in favor of Defendant.  Moreover, the relative convenience of the Central District of California is not sufficiently

1  significant to outweigh the substantial deference owed to Plaintiffs' selection of venue.
2  Additionally, the interest of justice weighs somewhat against transfer.  Accordingly, the Court
3  finds that the balance of factors weigh against transferring this case to the Central District of
4  California.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer Venue is DENIED.

**IT IS SO ORDERED.**

Dated: September 23, 2015

_____
LUCY H. KOH
United States District Judge

12
Case No. 14-CV-04225-LHK
ORDER DENYING MOTION TO TRANSFER VENUE